[No. 8617. In Bank. — April 24, 1889.]

J. M. MILLER ET AL., RESPONDENTS, v. G. W. BUTTERFIELD, APPELLANT.

MINING PARTNERSHIP — CONSTRUCTION OF CONTRACT — PAROL EVIDENCE. — A contract in writing between hotel-keepers and a mining prospector to share equally in all mines bought or found by them after its date, the prospector agreeing to offset his time against his board with the hotel-keepers, does not oblige the hotel-keepers to contribute toward the purchase of any particular mine, and makes them tenants in common only of such mines as were discovered and located pending the agreement and while it was being performed, or such mines as were purchased at the common expense of all the parties. They could not, one or more of them, allow one of their number to make a purchase with his own funds at his own risk without being obliged to reimburse him in case of loss, and yet claim the advantage of his bargain in case of gain. This being the proper construction of the written contract, parol evidence is inadmissible to vary, enlarge, or extend its terms so as to give an interest to all the parties in property purchased wholly by one of them, to the purchase of which the others did not and could not contribute, and were in no wise bound to contribute, any share of the purchase-money.

APPEAL from a judgment of the Superior Court of Mono County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

P. Reddy, and McAllister & Bergin, for Appellant.

Robert M. Clark, Kittrell & Owen, and T. W. W. Davies, for Respondents.

BEATTY, C. J.—September 24, 1879, the parties to this action entered into the following agreement, in writing:—

"We, the undersigned, agree to share equal in any mine that we may buy or find from this date. I, G. W. Butterfield, offset my time against my board with O. Miller and J. M. Miller.               "G. W. BUTTERFIELD.

                                   " J. M. MILLER.

                                   "ORRIN MILLER."

At the time of the execution of this agreement, plaintiffs were keeping a hotel in Bodie, a mining town, and defendant was a miner and prospector. The plaintiffs were in financial difficulties, and in less than three weeks their hotel was closed and their business broken up by the action of their creditors. They did not and could not thereafter board the defendant, and no mines had been discovered or located up to the time their hotel was closed.

Meantime, however, defendant had commenced negotiations for the purchase of the mining properties, or some of them, which are in controversy here, and he did subsequently effect purchases with money procured upon his own individual credit, and advanced by him alone.

The plaintiffs did not and could not contribute, and never offered to contribute, anything toward the fund with which these interests were purchased.

The conveyances were made to the defendant, and he claimed to be the sole owner.

The plaintiffs thereupon commenced this action, alleging the formation of a partnership between them and defendant on the 24th of September, 1879, to locate, buy, and sell mines on joint account, and praying dissolution, accounting, and conveyance to them of their interest in the mines acquired by defendant in his own name subsequent to the date mentioned.

The findings and decree of the superior court were in favor of plaintiffs, from which, and from an order denying his motion for a new trial, defendant appeals.

On the trial in the superior court, plaintiffs introduced in evidence the written agreement above quoted, and also, against the objection of defendant, parol testimony, not only as to the circumstances surrounding the parties at the time of the execution of the written agreement, but also as to what the parties understood or intended it to mean, and as to the subsequent conversations between the parties, to the effect that they would sell and share the proceeds of the mines acquired in pursuance of the agreement.

Whether the finding of the superior court that there was a partnership was based upon a construction of the writing, read in the light of the circumstances surrounding the parties at the time of its execution, or upon the parol testimony as to the real meaning of the parties, and their subsequent talk about selling the mines, does not clearly appear; but we think that, in any view, the finding was erroneous.

The true construction of the contract appears to be this: that the Millers were to board Butterfield, while he employed his time prospecting, and that as to any mines discovered and located by him (found) pending the agreement, and while it was performed by them, all were to be tenants in common, with equal shares.

As to mines *bought*, the parties were also to be tenants in common with the like interest, but this only upon the condition (necessarily implied) that they should contribute equally to the purchase fund.

Neither was obliged by the agreement to contribute to the purchase of any particular mine, selected by one or both of the others, though each may have been entitled to the opportunity to so contribute, and to share in the purchase.

Certainly they could not, one or more of them, allow another to make a purchase with his own funds, and at his own risk, and without being obliged to reimburse him in case of loss, claim the advantages of the bargain in case of gain.

This being the proper construction of the written contract, parol evidence was inadmissible for the purpose of enlarging, extending, or otherwise varying it; and any subsequent contract with respect to the management or disposal of the property to be acquired—whether in writing or by parol—was wholly immaterial.

Conceding, without deciding, that a subsequent parol contract to sell the property acquired in pursuance of the written contract, and to divide the proceeds in stipulated proportions, might have bound the parties, the question — and the only material question in this case—still remains, What property was so acquired?

We think that the fact that the defendant alone provided the funds for the purchase of the properties in controversy, that the plaintiffs not only did not, but could not, and were in no wise bound to, contribute any share of the purchase-money, is fatal to their claim to an interest in such properties.

Ordered, therefore, that the judgment and order appealed from be reversed, and cause remanded.

Works, J., Paterson, J., McFarland, J., Thornton, J., and Sharpstein, J., concurred.