STATE OF NEBRASKA V. CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY.

61  545
s62  125

FILED MARCH 20, 1901.   No. 11,270.

1. Injunction by United States Court Can Not Restrain Attorney
General from Collecting Penalty Under Maximum Freight Law.
An injunction issued by the circuit court of the United States
can not lawfully forbid the attorney general from suing for
penalties claimed by the state under section 9 of the Maximum
Freight Law.  Compiled Statutes, 1899, ch. 72, art. 12.

2. Party Not Concluded by Judgment to Which He Was Not a Party.
It is a maxim of general jurisprudence that a party is not con-
cluded by a judgment or decree rendered in an action to which
he was not a party.

39

3. **Judicial Power of United States Does Not Extend to Action by Private Parties Against State.** The judicial power of the United States does not extend to actions brought by individuals or corporations against a state.

4. **Injunction Does Not Release from Obligation to Third Parti s.** A party is not released from his obligation to A because B has, by injunction or otherwise, prevented him from performing that obligation.

ORIGINAL jurisdiction. Proceeding to recover penalties under section 9, article 12, chapter 72, Compiled Statutes, 1899. Motion for judgment on the pleadings. *Motion denied.*

*Frank N. Prout, Attorney General,* in reply to a request by the court for further argument upon the five points which are set out in his brief, said:

Upon the motion of the defendant the Chicago, Rock Island & Pacific Railway Company, for judgment on the pleadings, the court has expressed a desire to hear argument upon the following questions: 1. Does the injunction bind the attorney general in his official capacity, or only as a member of the board of transportation? 2. Does it bind his successor? 3. Does the injunction affect the state? 4. Can it affect the state? 5. Is an injunction against the attorney general in effect against the state?

1. In my judgment, the injunction of the federal court binds the attorney general, both in his primary official capacity and in his capacity *ex officio,* as member of the board of transportation. It is directed against George H. Hastings, attorney general, and the other members of the board *nominatim;* and it was enjoined: "That the said attorney be in like manner enjoined from bringing, or aiding in bringing or causing or advising to be brought, any proceedings by way of injunction, mandatory or other prosecution or civil action or indictment against said company for or on account of any act or omission, or on their part commanded or forbidden by House Roll 33."

2. In my judgment, it binds his successor. The incumbent of the office stands in the relation of privity with his predecessor. *Holsworth v. O'Chander*, 49 Nebr., 42; *New Orleans v. Citizens Bank*, 167 U. S., 371.

3, 4. There can be no question that the judgment can and does affect the government of the state. *Poindexter v. Greenhow*, 114 U. S., 270; *Smyth v. Ames*, 169 U. S., 466.

5. While I do not think an injunction against the attorney general is in effect an injunction against the state, still it has the effect of preventing that officer from attempting to enforce a law which the courts hold invalid.

It is with great diffidence that I present this brief to the court, as I would very much rather have been able to say to the court that the motion of the defendants should be overruled and to present reasons and authorities therefor. But I do not conceive it to be the duty of the attorney general to argue or contend for propositions which he is convinced are untenable; but rather, as an officer of the court, he should assist the court, to the best of his ability, to reach a right conclusion.

*M. A. Low, W. F. Evans* and *Woolworth & McHugh*, contra.

SULLIVAN, J.

This is an action instituted in this court by the state to recover of the defendant company certain penalties claimed to be due under the act of 1893, known as the Maximum Freight Law. The defendant answered, alleging that the attorney general had been enjoined by the circuit court of the United States for the district of Nebraska, from commencing or prosecuting any action under the provisions of said law. This allegation was constructively admitted, and thereupon the defendant moved for judgment on the pleadings. The motion was submitted on the 5th instant and taken under advisement. We have given the question in controversy considerable attention, and we are all of opinion that the application

for judgment should be denied. The preliminary order of the federal court is binding only on the parties to the action in which it was issued. To the extent that it assumes to forbid the institution and prosecution of actions like the present one, it is utterly and absolutely null. The judicial power of the United States does not extend to any suit in law or equity brought either by a natural person or a corporation against a state. The circuit court was, therefore, without power or authority to enjoin the state, either directly or indirectly, from suing in its corporate capacity to recover a sum of money claimed to be due it as penalties under the Maximum Freight Law. It is not only an unquestioned rule of the common law, but a maxim of general jurisprudence, that no one is concluded by a judgment or decree rendered in a case to which he was not a party. The state in its corporate character had no interest whatever in the suit in the federal court, and consequently the provisional injunction was ineffectual as to it, and equally ineffectual as to the attorney general and other officers or agents through which it must necessarily act in asserting its rights in courts of justice. The attorney general was not enjoined on the theory that he was acting as the agent of the state, but on the theory that he was acting without lawful authority from any source—that in attempting to enforce for the benefit of the general public the schedule of charges prescribed by the act of 1893 he was proceeding under color of an unconstitutional law, and was, therefore, individually liable as a wrong-doer. The writ operated upon him personally and not upon him as an organ of the state. The eleventh amendment to the federal constitution would be effectually emasculated if it were permissible to enjoin or coerce the agents through which a state performs its corporate functions. Restraint or coercion of the agent would be, in everything but form, restraint or coercion of the principal. That the state is entitled to prosecute this action to judgment is a proposition abundantly supported by decisions of the supreme

court of the United States; and it is almost needless to add that the right to sue includes the right to act through the attorney general. *Louisiana v. Jumel*, 107 U. S., 711; *Cunningham v. Macon & B. R. Co.*, 109 U. S., 446; *Hagood v. Southern*, 117 U. S., 52; *In re Ayers*, 123 U. S., 445; *Reagan v. Farmers Loan & Trust Co.*, 154 U. S., 362; *Scott v. Donald*, 165 U. S., 58; *Harkrader v. Wadley*, 172 U. S., 148; *Fitts v. McGhee*, 172 U. S., 516. See, also, *M'Whorter v. Pensacola & A. R. Co.*, 5 So. Rep. [Fla.], 129, and *Marshall v. Clark*, 22 Tex., 23.

The fact that the defendant has submitted to the injunction issued against it is, of course, no defense. If it has been rightfully enjoined, then the state can not succeed in this action, and no harm will be done; but if the injunction was wrongfully issued, the company must pay the penalties that have accrued to the state and look to the injunction bond for indemnity. A party is not released from his obligation to A because B has, by injunction or otherwise, prevented him from performing that obligation.

There may be another reason why the injunction against the attorney general is not valid. It was issued by the United States district judge in 1893, and it does not appear that it has been continued in force by the circuit court. It is our understanding that an order of this kind does not possess such extraordinary vitality; but as the point was not at all discussed by counsel at the bar or in the briefs, we do not make it to any extent the basis of our decision.

The motion for judgment is denied.

MOTION DENIED.

NOTE.—A state can not be sued by a private plaintiff. *Florida v. Georgia*, 17 How. [U. S.], 520. A state can not act as a collecting agent for its own citizens, and thus aid them to do indirectly what they can not do directly. *New Hampshire v. Louisiana, New York v. Louisiana*, 108 U. S., 76.—REPORTER.