FRANK A. AGNEW, RECEIVER, v. CARROLL S. MONTGOMERY ET AL.

FILED MAY 18, 1904.   No. 12,892.

1. **Judgment: PARTIES.** One is not concluded by a judgment or decree in a suit to which he was not a party at the time when it was rendered.

2. **———: ESTOPPEL.** To constitute an estoppel, the issues in the prior suit must include the matters at issue in the suit where the estoppel is pleaded.

3. **Partnership.** An agreement between two persons, which provides that one of them shall furnish all of the property and funds necessary to carry on a business venture, and shall have the exclusive control and management thereof, and that the other shall give his time and services to the enterprise, for which he is to receive one-third of the net profits as full compensation therefor, does not create a partnership.

4. **Parol Evidence** cannot be received for the purpose of changing, modifying or explaining such a clear, plain and unambiguous written agreement.

5. **Review.** Record examined, and *held* that the evidence offered was properly received and rejected.

6. **Directing Verdict.** Where the plaintiff has the burden of proof and fails to establish all of the facts necessary to enable him to recover, it is proper for the court to direct the jury to return a verdict for the defendant.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE.  *Affirmed.*

*Joel W. West,* for plaintiff in error.

*Hall & McCulloch, contra.*

BARNES, J.

The plaintiff in error, Frank A. Agnew, as receiver, commenced this action in the district court for Douglas county, and in his petition alleged, in substance, the following facts: That defendants, Carroll S. Montgomery, Paul Charlton and Matthew A. Hall, were copartners, doing business as Montgomery, Charlton & Hall; that Phil Stimmel and Frank T. Emerson were copartners in a seed growing business, under the firm name and style of Phil Stimmel; that the copartnership aforesaid was the owner and in possession of certain goods, chattels, bills, notes, rights and credits, as follows: A certain lot of empty two bushel bags, of the value of $240.80; of a certain account due defendant from D. M. Ferry & Company, on account of goods, wares and merchandise sold and delivered, in the sum of $2,633.92; of a certain other account due from one Ernest Benary in the sum of $810.56, and a certain account due from D. H. Watson of Kearney, Nebraska, in the sum of $475.39; that the defendants obtained possession of said goods and chattels, and collected the accounts aforesaid, and converted the same unlawfully and wrongfully to their own use, to the damage of the partnership aforesaid in the sum of $4,160.87, which demand is still unsettled and unpaid. It was further alleged: That, in a suit pending in the district court for Douglas county wherein Frank T. Emerson for himself and all other creditors was plaintiff and Phil Stimmel was defendant, the plaintiff herein was appointed receiver of said partnership assets, and was authorized, directed and required to bring suits to recover all debts owing to

said partnership; that the plaintiff had filed his bond and duly qualified as such receiver; and the petition concluded with a prayer for judgment for the sum of $4,-160.67, with interest and costs, against the defendants. To this petition the defendants filed their answer, which, in substance, denied every allegation contained therein, and concluded with the following averment: "These defendants aver that on the 6th day of January, 1894, under a judgment in their favor legally rendered by this court, they did cause execution to issue to the sheriff of Douglas county, Nebraska, against Phil Stimmel, and that under the same the property described in the plaintiff's petition was seized, subject to a prior execution, and thereafter sold.; that the proceeds of said sale being insufficient to liquidate the amount of the prior judgment, no part of said proceeds were paid to these defendants; that all the acts and doings of these defendants, and the acts and doings of this court and its officers under said execution, were legal and regular." The answer concluded with a suitable prayer. Afterwards, the plaintiff filed an amended reply to said answer, setting forth matters which it was claimed constituted an estoppel against the defendants, and by which it was sought to prevent them from contesting the issues raised by said petition and answer. The substance of these matters will be mentioned and commented upon more fully and at length hereafter. On these issues the cause was tried, and, after the plaintiff had introduced his evidence, or so much thereof as the court would receive, on a motion of the defendants, the court directed the jury to return a verdict in their favor, which was accordingly done. From a judgment thereon the plaintiff prosecuted error.

It appears that on the 26th day of January, 1894, Frank T. Emerson commenced an action in the district court for Douglas county against Phil Stimmel, the Omaha National Bank and the defendants herein, by which he sought to obtain an accounting between himself and Stimmel, and enjoin the bank and the defendants from selling the prop-

erty in question on certain executions issued on judgments against Stimmel. The defendants herein answered in said suit, and on a hearing had, before the final judgment, the court dissolved and vacated the order of injunction theretofore allowed against them; and, thereupon, at their request they were dismissed from said action, and were no longer parties thereto. Afterwards, certain creditors of the parties intervened; plaintiff's petition was amended by leave of the court, at the time final judgment was rendered, so as to allege a partnership; Stimmel interposed no substantial defense, a referee was appointed who made his findings of facts, and reported them to the court, and a decree was entered declaring Emerson and Stimmel to be partners; the amounts due the several intervening creditors were determined, and the plaintiff was appointed receiver. He thereupon brought this action, and now claims that the defendants are bound by said decree, and are estopped to question the existence of a partnership between Emerson and Stimmel, or show that the property alleged to have been converted by them belonged to Stimmel individually, and was lawfully subjected to the payment of his debts.

We think the question of partnership, so far as the defendants are concerned, was an open one. On an examination of the record and decree, in the case above mentioned, it seems clear that the defendants are not bound by that judgment. The decree contains the following findings: "But in that behalf, the court further finds, that by reason of the order of the court, entered May 26, 1897, by which said defendants, the Omaha National Bank, and Montgomery, Charlton & Hall, had leave to withdraw and dismiss their petition of intervention filed May 14, 1897, and their answer and cross-petition of intervention, filed October 7, 1897, thereby the court lost jurisdiction over said defendants, the Omaha National Bank, and Montgomery, Charlton & Hall, and thereby lost jurisdiction to enter a default and a personal judgment against the said defendants, the Omaha National

Bank, and Montgomery, Charlton & Hall." So it appears that by the terms of the judgment itself, which is relied on as an estoppel, it was adjudged that defendants were not parties to the suit, and that the court had no jurisdiction over them.

It is a maxim of general jurisprudence that one is not concluded by a judgment or decree rendered in an action to which he was not a party. *State v. Chicago, R. I. & P. R. Co.,* 61 Neb. 545. The defendants were not parties to the suit at the time the decree was rendered and, of course, are not bound thereby. Going farther into the record, it also appears that the petition did not allege a partnership between Emerson and Stimmel until long after the defendants had ceased to be parties to the action; and that issue was not in the case until the petition was amended by leave of the court at the time the final judgment was rendered. It is well settled that, to constitute an estoppel, the issues in the prior suit must include the matters at issue in the suit where the estoppel is pleaded. *Malone v. Garver,* 3 Neb. (Unof.) 710; *Battle Creek Valley Bank v. Collins,* 3 Neb. (Unof.) 38; *Richardson v. Opelt,* 60 Neb. 180. It also appears by the records of this court, in the case of *State v. Dickinson,* 59 Neb. 753, that an application was made for a writ of mandamus to compel the trial court to enter a judgment in the action relied on as an estoppel, against the defendants herein. In denying the writ, SULLIVAN, J., speaking for the court, said:

"Emerson tendered no issue as to the conversion of partnership assets. He attempted to do so, but his effort in that direction was unsuccessful. The court denied his application for leave to file a supplemental petition, and thus excluded from the case the question which counsel now insists has been tried and resolved in relator's favor. * * * The facts stated in the finding above set out were not found on the trial of an issue between the relator and the execution creditors. There was no such issue to try in the equity cases. The court had previously

ordered that the question of conversion be tried and determined in other suits. That order had not been rescinded. * * * The court very clearly did not intend to make a finding that would have any binding force as to the bank and Montgomery, Charlton & Hall; and had judgment been rendered against them on that finding, it would, under the circumstances, be the obvious duty of this court, in a direct proceeding, to set it aside."

It is thus shown that, not only was the question of the existence of a partnership still at large as to these defendants, but they were also at liberty to litigate the question of the conversion of the alleged partnership assets, and could do so in this action.

The foregoing question having been put in issue by the pleadings in this case, and the burden of proof being on the plaintiff, it remains for us to determine whether the trial court erred in receiving and rejecting the evidence offered by him to establish these controverted facts, and in determining its effect. The plaintiff offered, and the trial court received in evidence, the entire record and decree pleaded and relied on as an estoppel, together with oral evidence identifying the written contract between Emerson and Stimmel, by which it was claimed a co-partnership was created. When the instrument itself was offered, the court held that it was not sufficient to establish a partnership, and for that reason refused to allow it to be read to the jury. This ruling is assigned as error, and we are therefore required to determine the legal effect of that contract. Its provisions are, in substance, as follows: Phil Stimmel was to furnish all of the money necessary for expenses and purchases in the business of seed raising, without interest. Emerson was to devote his time and ability to the business, "under the direction and in the name of Phil Stimmel." Stimmel was to have the sole executive charge, direction and control of the whole of said business. Emerson was to get one-third of the net profits, as compensation in full for his services. Emerson was entitled to draw $150 a month for a specified part of

each year, to be charged against his proportionate share
of the profits, and the agreement was to continue for two
years.   An agreement between two persons which pro-
vides that one of them shall furnish all of the property
and funds necessary to carry on a business venture, and
shall have the exclusive control and management thereof,
and that the other shall give his time and services to the
enterprise, for which he is to receive one-third of the net
profits as full compensation, does not create a partnership.
*Waggoner v. First Nat. Bank,* 43 Neb. 84, 94; *Whitney v.
Gretna State Bank,* 50 Neb. 438; *Garrett v. Republican
Publishing Co.,* 61 Neb. 541; *Aetna Ins. Co. v. Bank of
Wilcox,* 48 Neb. 544, 551.   It seems quite clear that the
agreement offered did not create a partnership, and the
court did not err in excluding it from the consideration of
the jury.

It further appears that plaintiff thereupon offered parol
evidence to show what was intended by the written agree-
ment, and how the business was in fact conducted, in
order to establish the existence of a partnership between
the parties.   This evidence was rejected, and the ruling
is assigned as error.   The terms of the written contract
are clear and unambiguous, no explanation of the docu-
ment was required and none was admissible.   Such evi-
dence was clearly open to the objection that it tended to
modify, vary or contradict the terms of the written agree-
ment, and was therefore inadmissible.   *State Bank of
Ceresco v. Belk,* 56 Neb. 710; *Western Mfg. Co. v. Rogers,*
54 Neb. 456; *Sylvester v. Carpenter Paper Co.,* 55 Neb.
621; *Jarvis v. Palmer,* 11 Paige Ch. (N. Y.) 650.   This
rule applies to written agreements by which it is sought
to establish a partnership, as well as to other written con-
tracts.   In *Miller v. Butterfield,* 79 Cal. 62, 21 Pac. 543,
the court said:

"This being the proper construction of the written con-
tract, parol evidence was inadmissible for the purpose of
enlarging, or extending, or otherwise varying it; and any
subsequent contract with respect to the management or

disposal of the property to be acquired—whether in writing or by parol—was wholly immaterial."

This rule is further supported by *Taft v. Schwamb*, 80 Ill. 289; *Pursley v. Ramsey*, 31 Ga. 403; *Couch v. Woodruff*, 63 Ala. 466; *Van Horn v. Van Horn*, 49 N. J. Eq. 327, 23 Atl. 1079. It is clear, therefore, that the trial court did not err in excluding this kind of evidence.

The plaintiff having failed to establish the fact of the existence of a partnership between Emerson and Stimmel, the evidence offered of the value of the property and accounts alleged to have been converted by defendants was properly excluded. It follows that it was the duty of the court to sustain the defendants' motion, and direct the jury to return a verdict in their favor.

For the foregoing reasons, the judgment of the district court was right, and is therefore

AFFIRMED.