EMERSON-BRANTINGHAM COMPANY, APPELLEE, V. ROBERT
MCNAIR, APPELLANT.

FILED OCTOBER 31, 1913. No. 17,342.

Trial:. DIRECTING VERDICT: EVIDENCE. It is not error to direct a
verdict for plaintiff, where the evidence is sufficient to support
his cause of action, but is insufficient to sustain the only defense
pleaded.

APPEAL from the district court for Dawes county: WIL-
LIAM H. WESTOVER, JUDGE. *Affirmed.*

*Albert W. Crites,* for appellant.

*Allen G. Fisher, William P. Rooney* and *E. G. Mc-
Gilton,* contra.

ROSE, J.

This is an action to recover from defendant $342.50 for
an engine plow manufactured by plaintiff. Defendant
was plaintiff's agent at Crawford, and for some time had
been in possession of the implement under a technical
contract of agency which made him liable for wholesale
prices of articles sold by him. At a time when he was
authorized to return to plaintiff the plow as unsold stock,
he sold it and shipped it to the purchasers, and so notified
plaintiff by a letter in which he requested the manufac-
turer to ship directly to them some specifically described.
attachments. The substance of the defense pleaded is
that, before the plow was sold, the agency had been ter-
minated and defendant ordered to return to plaintiff the
stock in his possession; that the goods on hand, including
the plow in controversy, were prepared for shipment to
plaintiff; that, before they were in fact shipped, there was
an opportunity to sell the plow, and that plaintiff, upon
being notified thereof, directed defendant to ship to the
purchasers such parts of the plow as were in his posses-
sion, the missing parts to be shipped directly from head-

quarters; that defendant followed such directions; that thereafter plaintiff took charge of the transaction, sent experts to set up the plow and to make settlement therefor; that plaintiff credited defendant with a return of the plow. The trial court directed a verdict in favor of plaintiff, and defendant has appealed.

Defendant concedes: "The only real question in the case is whether or not there was evidence which should have been given to the jury?" The evidence shows without contradiction that, with the exception of some attachments, the plow was in the hands of defendant as plaintiff's agent; that the price, to the agent, was $342.50; that by the agent the plow was shipped from Crawford to the purchasers; that he directed plaintiff by letter to ship to them the necessary attachments; that the purchasers received the plow and attachments, but never paid for them or returned them; that plaintiff never received the purchase price; and that the property was never returned or tendered back. The correct interpretation of the contract of agency and of letters binding defendant is that he sold the goods as agent. Evidence establishing a defense without varying or contradicting writings by which defendant is bound has not been pointed out by him. Error in the record does not affirmatively appear.

AFFIRMED.

HAMER, J., dissenting.

I am unable to agree with the majority opinion in this case. The real question would seem to be whether there was evidence which required a submission to the jury. The defendant ran a retail establishment at Crawford, Nebraska. He had been the agent of the plaintiff. He had received from the plaintiff a steam plow. He was to sell the plow as the agent of the plaintiff. Before the plow was sold his agency seems to have terminated. Before the plow was shipped he got an opportunity to sell it, and thereupon he notified the plaintiff concerning such opportunity, and received directions from the plaintiff to

ship the plow, or such parts of it as were in his hands, to the proposed purchasers. He shipped such parts of the plow as he had to Kendrick & Hollinrake. They were the proposed purchasers. The defendant claims that the plaintiff took charge of the transaction; that it sent its own experts to set up the plow and to make settlement for it, and that the defendant never had any control over the matter, but that he shipped the plow as he was directed to by the plaintiff. In the brief of the plaintiff (appellee) a letter is copied on page 2. It is directed to the plaintiff company before its name was changed. It reads: "We have a chance to dispose of a part of the steam plow outfit that we were to return to you. We find in getting this plow ready to load that we are short the following parts, which you will kindly rush to Kendrick & Hollinrake, Marsland, Nebr., via B. & M." Then there is a description following, which purports to contain a list of the parts of the plow which the defendant did not have, and also certain details about other matters. It would seem to be evident that, if what was done was done under the specific direction of the plaintiff, then the defendant is not liable. The defendant, McNair, testified that he was the owner of his business at Crawford, and that he looked after things occasionally. There seems to have been evidence tending to show that the plow was sent to Marsland, or at least such parts of it as were in the hands of the defendant, and that the plaintiff sent the other parts direct to Marsland from headquarters. There was wrangling about the matter and considerable correspondence showing an attempt to settle.

In the mind of the writer the case was one eminently proper for the determination of a jury. The question is not what we would do as judges if the case had been submitted to us. The jury should have been allowed to exercise its peculiar functions. It had that right over and above the court, and it was no part of the duty of the court to take away from the jury its prerogative. The defendant was entitled to have the jury express their

opinion.   If the court had overruled the plaintiff's motion for a directed verdict and the case had been submitted and the jury had found for the defendant, there would have been evidence enough to sustain the verdict.   That is one of the ways by which the correctness of the ruling of the trial court may be tested when a motion for a directed verdict on behalf of the plaintiff is sustained.   The courts cannot be too careful in protecting the rights of litigants.   One of their rights in a law case is a submission of the facts to a jury under proper instructions of the court.