ABRAHAM SLIMMER ET AL., APPELLANTS, V. P. K. HOFF-
MAN, APPELLEE.

FILED NOVEMBER 17, 1916.    No. 19082.

Judgment: RES JUDICATA. Where a second action for conversion is
brought on the same facts declared on in a former suit between
the same plaintiffs and one of the defendants in the former case,
a judgment in the former suit in favor of all the defendants and
against the plaintiffs is a complete bar to the prosecution of the
second action.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*Muldoon & Gibbs,* for appellants.

*Wilcox & Halligan, contra.*

BARNES, J.

This action was commenced in the district court for
Lincoln county against the defendant to recover the dam-
ages which plaintiffs alleged they had sustained by the
conversion of certain cattle on which plaintiffs had two
unpaid mortgages securing two promissory notes given
for the purchase price of the cattle above mentioned. The
petition was in the usual form and stated a cause of action.
The defendant, by his answer, alleged that plaintiffs had
commenced an action for the conversion of the same iden-
tical cattle described in the mortgages, and in his petition,
in the instant case, against the defendant, and had joined
with him as co-defendants one John H. Nagel, John Doe,
whose real name is unknown, and Clay Robinson & Com-
pany; that in the former action issues were joined and a
trial was had to a jury in the district court for Lincoln
county. It was further alleged in defendant's answer that
upon the evidence and the instructions of the court in
that suit the jury returned a verdict for this defendant
and all of his codefendants; that judgment was duly

rendered for the defendants on the verdict; that plaintiff's motion for a new trial was overruled, and no appeal was ever taken; that the judgment thus rendered remains in full force and effect, unsatisfied and unmodified in any respect. Other matters were pleaded in defendant's answer, which need not be referred to in this opinion. In the instant case defendant filed a motion for a judgment in his favor on the pleadings. The motion was sustained, and judgment was so rendered. The plaintiffs have brought the case here by appeal.

The appellants contend that this was a different cause of action, and the judgment in the former case is not a bar to their right to maintain the present suit. The question to be determined on this appeal requires an examination of plaintiffs' petition and the record in the former suit, which is set forth in full in the defendant's answer. From an examination of this record it seems clear that the petitions in the two cases are identical, with the exception of the date of the alleged conversion. In the former case the same cattle are described, the same mortgages and notes are set forth, and the only difference alleged is in the dates when the alleged conversion took place, by the defendants herein, John Doe and Clay Robinson & Company, while in this suit it was alleged that the defendant alone was guilty of the conversion, which is alleged at a subsequent date for the evident purpose of avoiding a plea of former adjudication. From reading the proceedings which are set forth in full in defendant's answer, it appears that in the former suit the same issues were presented as those in the present case. Upon those issues the jury were fairly instructed, and thereupon they returned their verdict for all of the defendants. The rule in such case is that where the second suit is upon the same claim or demand as the first, and between the same parties, the judgment in the former is conclusive in the latter as to any issues which were tried, or which might have been presented, in the former suit. *Schlemme v. Omaha Gas Mfg. Co.*, 4 Neb. (Unof.) 817; *Battle Creek Valley Bank*

*v. Collins,* 3 Neb. (Unof.) 38; *Yates v. Jones Nat. Bank,* 74 Neb. 734; *Trainor v. Maverick Loan & Trust Co.,* 92 Neb. 821; *Agnew v. Montgomery,* 72 Neb. 9.

In *Blondin v. Brooks,* 83 Vt. 472, it was said: "It is no objection to the application of the rule of *res judicata* that the parties to the former action include some who are not joined in the subsequent action, nor the converse, as the rule is applicable to all who were parties to both actions."

After a careful examination of the record, we conclude that the finding of the district court was right, and the judgment complained of is

AFFIRMED.

LETTON, J., not sitting.