Gillispie v. Bohling.

---

ROY C. GILLISPIE, APPELLANT, v. AUGUST W. BOHLING ET AL., APPELLEES.

FILED DECEMBER 21, 1921. No. 21693.

Partnership. A. was the owner of a threshing machine. He entered into an arrangement with B. with respect to threshing, for the doing of which B. might obtain contracts. A. was to, and did, furnish his thresher, coal, and oil, and replace any breakage occurring. For this A. was to receive 65 per cent. of the earnings of the thresher. B. was to have the use of the machine, operate it, employ and pay all necessary help, and defray these expenses and receive his own compensation out of the remaining 35 per cent. *Held,* this was not a partnership.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Lambert & Armstrong,* for appellant.

*Kelligar & Ferneau* and *Ernest F. Armstrong, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., WAKELEY, District Judge.

WAKELEY, District Judge.

Appellant brought this action in the district court against Bohling and Whitlow. The object thereof was to recover for a broken leg and other injuries sustained by him on July 16, 1919, while oiling a threshing machine, operated by the defendant Whitlow, on the farm of one Alfred Rogge. Gillispie's claim was based upon the alleged negligence of Whitlow in starting the engine, operating the thresher, without warning to the plaintiff. It is claimed that the defendants were partners in the operation of the machine and in threshing grain in Nemaha county in 1919, and, as partners in this enterprise, liable to appellant for his injuries sustained.

Upon the conclusion of plaintiff's evidence, Bohling moved for a directed verdict, for the reason that the evidence adduced wholly failed to prove the existence of a partnership between Bohling and Whitlow in the conduct of the threshing business, out of which appellant's injuries arose, and that there was no evidence to sustain a verdict against Bohling, should one be rendered. This motion the court sustained, and thereafter, in his instructions, instructed the jury to return a verdict for Bohling.

The case proceeded against defendant Whitlow, and, as to his liability, was submitted to the jury, who returned a verdict against him for $1,000 and costs. The plaintiff made a motion for a new trial as against Bohling, from the denial of which the plaintiff appealed. Neither party has appealed from the judgment against Whitlow. We are therefore concerned with the single question as to whether or not the facts disclosed make Bohling and Whitlow liable as partners.

Bohling had purchased for $5,000, and on July 10, 1919, was the owner of, a certain Port Huron threshing machine. He entered into a verbal arrangement with

Gillispie v. Bohling.

Whitlow with respect to the machine and threshing jobs which Whitlow might be able to obtain. The arrangement was, in substance, this: Bohling owned the thresher and furnished it to the defendant Whitlow. He also furnished the oil and coal to operate it, and defrayed any breakage occurring. For this, he was to receive from Whitlow 65 per cent. of the earnings of the machine, or, as often reiterated in the testimony, 65 per cent. of what the machine made. Whitlow, on his part, was to have the use of the machine, to take charge of it, do whatever threshing he might obtain, employ and pay all necessary help, and take his own compensation out of the remaining 35 per cent. Bohling in no respect managed, or controlled, or directed the operation of the machine, or contracted with those having their grain threshed. He was not present when appellant was injured. He was present several times to see that the machine was working properly, and, at Whitlow's request, collected some of the threshing bills. He also suggested to Whitlow the names of several persons whose work he (Whitlow) might obtain.

It is apparent from the evidence that whether the earnings or profits or what the thresher "made" were to be gross or net, the division thereof in the proportion of 65 and 35 was to be a compensation or payment to the respective parties for what each did; to Bohling, for the use of the machine; to Whitlow, for doing the actual work; that there was no community of profits as such, but that the compensation of each was defined and measured by a certain specified portion of the earnings or of the profits of the venture.

That the receiving of a certain portion or percentage of earnings or profits of an enterprise as compensation, or in return for an article furnished for a particular venture, does not in any respect make the parties thereto partners, or create a partnership liability, has been held by this court in a number of cases, some of them presenting facts very much like those in the case at bar. *Hurst v. Hayden*

*Bros.,* 94 Neb. 704; *Whitney v. Gretna State Bank,* 50 Neb. 438; *Garrett v. Republican Publishing Co.,* 61 Neb. 541; *Agnew v. Montgomery,* 72 Neb. 9; *Waggoner v. First Nat. Bank,* 43 Neb. 84.

In *Whitney v. Gretna State Bank, supra,* the court said: "The question presented to us is: Were these men in fact copartners? Was the property involved in this action copartnership property or was it the property of Hancock? The relation of copartners rests in contract. Whether two or more persons are copartners depends upon intention; and while a copartnership may be established by the course of dealing and the conduct of the parties, and perhaps by the admission of each member thereof, still the relation, if it exists, must rest in the consent and the intention of the parties thereto. * * * Where parties who were not partners have, nevertheless, been held liable as such, they were so held liable because by their conduct they had estopped themselves from averring that they were not partners; but in no case that I have been able to find has any court assumed to hold that two or more persons were copartners as a matter of law when the persons had never agreed or intended to become such."

In *Garrett v. Republican Publishing Co., supra,* Sullivan, J., says: "Where no question of estoppel is involved, persons cannot be held to be partners despite their intention not to form that relation."

In *Waggoner v. First Nat. Bank, supra,* the court said: "Community of interest in profits, not by way of compensation for services rendered or capital loaned, but profits as such, a community of interest in the property the subject of the venture, and a community of power of management of such property, are correct tests of copartnership."

In 1 Bates, Law of Partnership, sec. 45, quoted with approval in *Garrett v. Republican Publishing Co.,* it is said: "An indefinite compensation out of profits for the use of property, real or personal, and dependent on the

success of the business, is in lieu of rent and does not constitute the owner a partner *inter se.*"

Applying these principles to the case in hand, it is evident that they refute any inference of a partnership. Partnership between the defendants cannot be deduced from any intention to form one, because Bohling testifies he never intended to form a partnership or to assume the relation of a partner in the enterprise.

They cannot be held as partners on any ground of estoppel, because there is no evidence whatever that they, or either of them, ever held themselves out to the plaintiff or to any one else as partners, or that they ever did any act or pursued any course of dealing which even remotely led the plaintiff to believe them to be partners. Indeed, there is absolutely nothing in the record showing that the plaintiff had any knowledge whatever of what the arrangement between the defendants was.

They cannot be held to be partners upon the ground that Bohling received 65 per cent. of what the machine "made," first, because whether earnings or profits, gross or net, his 65 per cent. was received solely as compensation for the use of his thresher; second, because Bohling's testimony, taken all in all, shows that his 65 per cent. was 65 per cent. of the gross earnings of the thresher, irrespective of profits; third, because, conceding that his 65 per cent. was profits, the reception of a certain part of profits as compensation or pay for the use of property contributed to the venture does not, under our own and other well-considered cases, create a partnership. See *Waggoner v. First Nat. Bank,* 43 Neb. 84, overruling the third point of the syllabus in *Strader v. White,* 2 Neb. 348, which held: "If a person contract with a partnership to contribute his services to the enterprise, for which he is to be compensated by a proportion of the profits, he becomes a member of the firm, and liable for its debts, although he do not stipulate to bear any part of the losses."

One of the inevitable incidents of partnership is the

power of one partner to bind the other. Suppose Bohling in transporting coal for the thresher from his farm to Rogge's had negligently killed a man. Would Whitlow be liable therefor? Surely not. And yet this is exactly the liability Gillispie seeks to impose on Bohling, because of Whitlow's negligence.

Appellant suggests that the court should have submitted the issue as to partnership to the jury; but where, as here, the facts are not in dispute, the question of partnership or not is one of law for the court.

In our opinion, the transaction was, in legal intendment, a leasing or renting of the thresher to Whitlow for a specified but indeterminate amount, dependent upon, and ascertainable from, the total amount derived by him from threshing done by him, in which Bohling had no voice, over which he had no control, and for which he was to receive 65 per cent. of the receipts, for the use of his thresher.

Judgment

AFFIRMED.