JOE BACHMAN ET AL., APPELLEES, V. RUSSELL J. JUNKIN, APPELLANT.

FILED MAY 24, 1935. No. 29284.

*Cloyd E. Clark* and *O. E. Bozarth,* for appellant.

*Frank A. Anderson* and *A. W. Storms, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

GOOD, J.

This is an action upon a promissory note. In his answer defendant admitted the execution of the note, and, as a defense, pleaded that the note was given without consideration and as an accommodation to the payee thereof. Under this state of the pleadings, the defendant was properly required to first adduce his evidence. At its conclusion and on motion of the plaintiffs, the court discharged the jury and rendered judgment for the plaintiffs. Defendant has appealed.

In his brief for reversal defendant has advanced many sound propositions of law, buttressed by ample authority, but, as we view the record, it is unnecessary to consider these questions. The only questions that we are called upon to determine are: Was the evidence sufficient to require submission of the cause to the jury? and did the

court commit prejudicial error in excluding proffered evidence?

The record discloses that on the 1st of January, 1926, defendant had a deposit of more than $1,500 in the First State Bank of Bertrand, Nebraska. On that day Freeman Dobbin, cashier of the bank, borrowed from defendant $1,500 and gave him his note for that amount, due in one year, and also assigned to defendant, as collateral, a policy of life insurance. This note was renewed in 1927, and again in 1928. The latter renewal was signed, not only by Freeman Dobbin, but by his father, who was president of the bank. Interest upon this series of notes was paid from time to time to defendant, or credited to his account in the bank, and which he drew out.

Either in May or July, 1929, defendant went to the bank and informed Freeman Dobbin that he wanted repayment of the money which he had loaned. Dobbin informed defendant that it was not convenient to pay his note at that time. Thereupon an arrangement was made whereby defendant executed his note to the First State Bank of Bertrand for $1,500, and that amount was placed to his credit in the bank, which he checked out in the usual course of business. Some time later the Bertrand bank failed and certain of its assets, including the note of defendant, were assigned to plaintiffs, as trustees for the bank's depositors. So far as the record discloses, defendant is still the owner and holder of the last of the series of notes executed by Dobbin.

Defendant testified that when Freeman Dobbin first borrowed the money in 1926 he said he was borrowing it for the bank. It is not clear whether Freeman Dobbin was indebted to the bank and wanted the money to pay his obligation. In any event, the loan was made by defendant to Dobbin. The purpose for which Dobbin borrowed is immaterial. The bank was not a party to the note and could not be held liable thereon. It may be noted that, since the bank had the money of defendant in its possession as a deposit, it could gain nothing by borrowing the money from its depositor, especially where it would be paying the

depositor a higher rate of interest than the deposit would draw.

Defendant also testified that at the time he executed the note to the bank Freeman Dobbin told him he would not be called upon to pay the note or the interest thereon. He contends that this makes it an accommodation note, but the record discloses that he received full value for the note which he signed.

An accommodation party is one who signs the instrument as maker, without receiving value therefor and for the purpose of lending his credit to some other person or party. Comp. St. 1929, sec. 62-206; *Farmers Nat. Bank v. Ohman,* 112 Neb. 491; *Bliss v. Venner,* 121 Neb. 44; *Cozad State Bank v. McLaughlin,* 128 Neb. 87.

It is a rule that, unless especially empowered to do so, a bank officer has no authority to release, otherwise than in due course of business and on payment, the makers of notes or other debtors of the bank. *Farmers Nat. Bank v. Ohman, supra; Bliss v. Venner, supra; Cozad State Bank v. McLaughlin, supra;* 3 R. C. L. 448, sec. 75.

From the record it is clear that defendant received full value for the note in question; that he has paid no part thereof except the sum of $79.68, which amount was to his credit in his account at the time the bank closed, and this amount was credited upon the note. Under this state of the record, it cannot be said that the note was given without consideration or merely as an accommodation to the bank.

The evidence before us would not have sustained a verdict in favor of defendant. The evidence would have sustained no other verdict than one for plaintiffs. It is proper for the trial court to direct a verdict for plaintiff where the evidence is sufficient to support his cause of action and is insufficient to sustain a verdict for defendant. *Agnew v. Montgomery,* 72 Neb. 9; *Emerson-Brantingham Co. v. McNair,* 94 Neb. 553; *Morgan v. United Benefit Life Ins. Co.,* 123 Neb. 47.

Defendant complains of numerous rulings of the trial court in excluding proffered evidence as to his previous

course of dealing with the bank and as to conversations alleged to have been had with the officers of the bank. The proffered evidence was not material to the issues. A careful examination of each of the rulings fails to disclose any that was prejudicial to the rights of defendant.

It follows that the judgment should be, and is,

AFFIRMED.