HENRY HALL v. FIRST NATIONAL BANK OF FAIR-
FIELD.

[FILED JULY 2, 1890.]

1. **National Banks:** USURY.    Where a national bank loans money
at a usurious rate, which is included in the note, in an action to
enforce that contract the interest is forfeited.    Where illegal
interest has been charged, but not paid, an action cannot be
maintained to recover it back.

2. ———: ———: PAYMENTS APPLIED ON PRINCIPAL.    Where
payments are made, generally to a national bank, on a promis-
sory note which includes unlawful interest, they will be applied
on the principal.

3. **Trial:** PRACTICE.    If there is no evidence in a case presenting
questions of fact, it is not error for the trial court to take it from
the jury.

ERROR to the district court for Clay county.    Tried
below before MORRIS, J.

*J. L. Epperson,* and *Robert Ryan,* for plaintiff in error,
cited: *Schuyler Nat. Bank v. Bollong,* 24 Neb., 828; *Mo-
nongahela Nat. Bank v. Overholt,* 96 Pa. St., 327.

*Geo. W. Bemis,* and *E. E. Hairgrove, contra,* cited:
*Brown v. Bank,* 72 Pa. St., 209; *F. & M. Bank v. Dear-
ing,* 91 U. S., 29; *Barnett v. Bank,* 98 Id., 555; *Pence v.
Uhl,* 11 Neb., 322.

NORVAL, J.

The plaintiff in error brought this action against the
defendant in error to recover the penalty under section
5198 of the Revised Statutes of the United States, for
knowingly receiving usurious interest.    The answer denies
all charges of usury.    Upon the trial the court directed a
verdict for the defendant.

A statement of the facts, as shown by the record, will be necessary to a correct understanding of the case. On June 1, 1886, the defendant bank commenced business, being the successor of the Fairfield Bank. The defendant purchased from the Fairfield Bank notes of the plaintiff aggregating $3,300. On the 17th day of June, 1886, the plaintiff, being indebted to the defendant on said notes, and having made a sale of cattle to one John Lansing, drew two drafts on him, one for $1,500 and the other for $23.50, which were deposited in the defendant's bank, to be applied, when paid, on his indebtedness. On July 3, 1886, these drafts were paid, and the whole amount was applied on plaintiff's notes. On August 3 the bank held, among others, the following notes against the plaintiff: one for $32.75, dated January 28, 1886, due in sixty days, with ten per cent after maturity; one for $1,000, dated January 28, 1886, due in ninety days, bearing ten per cent from maturity, with an indorsement June 7 for $480.25 and interest paid to June 15, and another for $1,167 dated January 28, 1886, due June 12, with interest from maturity at ten per cent.

The plaintiff testifies, on direct examination, that he paid on the notes, in addition to the drafts, $519.75, on July 3, and that on August 3 he gave to the defendant his note for $730.66, and took up his three notes. The amount due July 3, 1886, on the three notes, including interest from maturity at ten per cent, was as follows: On the $32.75 note, $33.46 ; on the $1,000 note (after deducting the credit of $480.25), the sum of $532.62, and on the note for $1,167, the sum of $1,173.62, making, in the aggregate, $1,739.70. The cash payment of $519.75, which plaintiff claims to have made, the amount of the two drafts, and a note of $730.66, make a total of $2,773.91, or $1,034.21 more than the total balance due upon the three notes taken up.

Counsel claim in the brief that this excess was usurious

interest. There is in the bill of exceptions absolutely no testimony tending to show that when the notes were given that the plaintiff contracted to pay usurious interest. Nor does the testimony disclose that the question of interest was ever mentioned by the parties. It does not appear that the plaintiff made any claim to the bank, before the bringing of this suit, that he had been charged more than the legal rate. It is, indeed, strange that the plaintiff should have paid over $1,000 as usurious interest, as he contends, without making complaint at the time. If this sum was paid as interest on these three notes, as the plaintiff claims, it makes the rate charged more than one hundred and fifty per cent per annum. But counsel have overlooked the plaintiff's testimony on cross-examination. After considerable of an effort the plaintiff was forced to admit that when he gave the defendant his note of $730.66 in settlement, the bank surrendered to him two other notes—one for $71, the other for $250. We are unable to compute the exact amount that was then due on these notes because their dates and the rate of interest they bore are not in the record. Their amount without interest, $321, which sum added to the amount of the three notes before referred to and surrendered at the same time, make $2,060.70, or $7.45 more than the aggregate amount of the drafts, and the alleged payment of $519.75. The defendant insists that there was also another note of $75 taken up at the same time.

It also appears from the testimony of the plaintiff on cross-examination that shortly after the settlement of August 3d the plaintiff went to the bank and informed Mr. Joslin, the cashier, that a mistake had been made in the amount of the note given in settlement and that Mr. Joslin also denied that the plaintiff had made the cash payment of $519.75. The testimony shows that this item was the real controversy between the parties and is the cause of this litigation. It cannot be doubted that if by

mistake a sum in excess of the legal rate is collected by a national bank, it does not taint the transaction with usury. It is only where such a bank knowingly charges unlawful interest that it is liable for the penalties provided for in the act of congress. We are unable to discover any testimony which would have authorized a finding that the defendant had knowingly taken or received interest in excess of the legal rate. If this disputed item, $519.75, was paid as the plaintiff insists, then the note he gave the bank in settlement was for a sum greatly in excess of the amount due. If there is any usury in the transaction between the parties it is in this note which the defendant yet holds. The plaintiff, however, insists that if the notes were not wholly paid by the drafts and cash payments, that these payments should have been applied to extinguish usurious interest, and that double the amount thereof would be recoverable. The case of *Davis v. Neligh*, 7 Neb., 78, is cited to sustain this position. That case holds that in the computation of interest where partial payments are made, the payment is applied first to discharge the interest, and the surplus, if any, goes to reduce the principal. A different rule, however, obtains where a payment is made on a usurious loan. The law is not so inconsistent as to apply a payment on such a loan to the discharge of usurious interest and at the same time exact as a penalty the forfeiture of double the amount. This indeed would be a reproach upon the law.

If it be conceded that the note given to the bank by the plaintiff at the time of settlement includes unlawful interest, can it be recovered, the entire note being unpaid? Section 5198 of the Revised Statutes of the United States provides "That the taking, receiving, or reserving or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest, which the note, bill, or other evidence of debt carries with it, or which has been

agreed to be paid thereon.  In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representative, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid, from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred."

It is apparent that this section covers two classes of cases.  The last clause provides that when illegal interest has been paid to a national bank, double the amount so paid may be recovered back, while, under the first clause of the section, if usurious interest has been knowingly charged but not paid, a recovery can only be had for the amount borrowed; in other words, where illegal interest has been added into the note but not paid, it cannot be recovered in an action brought for that purpose. (*Brown v. Second National Bank*, 72 Pa. St., 209.)

We have considered the case solely upon the plaintiffs own testimony, without taking into consideration the testimony of defense, which very much tended to explain the transaction of the parties.  As there was no evidence in the case upon which the jury could have found for the plaintiff, it was not error for the trial court to take it from the jury.

The first and second assignments in the petition in error relate to the exclusion of certain testimony, but as these errors are not referred to in the brief filed, they must be considered waived.

The judgment of the district court is

AFFIRMED.

THE other judges concur.