FIRST NATIONAL BANK OF TOBIAS V. ELLIS A. BARNETT.

FILED APRIL 21, 1897.   No. 7249.

1. **Usury:** ACTION AGAINST NATIONAL BANK FOR PENALTY: RENEWALS OF LOANS: EVIDENCE. In an action against a national bank to recover the penalty for taking usury, it appeared that the transactions between the plaintiff and the bank consisted of a large number of loans evidenced by notes, many of which had been from time to time renewed. *Held,* That evidence of the whole course of transactions was material in order to trace the different debts and the interest reserved on each, although some transactions were not pleaded as usurious.

2. ———: ———. While under the state law no action can be maintained to recover back payments of usury, and all remedy is lost by payment of the debt, the national banking act provides otherwise, and an action will lie against a national bank to recover the penalty, notwithstanding the borrower has paid both principal and interest.

3. ———: INSTRUCTIONS: EVIDENCE. Certain instructions examined, and *held* properly refused and evidence held sufficient to sustain the verdict.

ERROR from the district court of Saline county. Tried below before HASTINGS, J.   *Affirmed.*

*F. I. Foss* and *W. R. Matson,* for plaintiff in error.

*Ong & Jensen* and *E. S. Abbott, contra.*

IRVINE, C.

This was an action by Barnett against the First National Bank of Tobias to recover the penalty provided by the United States statutes for the receipt of usurious interest by a national bank. The petition in twenty-eight counts alleges as many payments of usurious interest, amounting in all to $349.95, and prays judgment for $699.90, double the amount of such payments. The an-

swer pleaded the statute of limitations as to six of the counts and generally denied all the allegations of the petition. There was a trial to a jury, followed by a verdict and judgment for $301.60. The defendant prosecutes error. The petition in error contains forty assignments, some of them presenting questions of law which have been determined since the briefs were filed. Some present questions of fact. These it would be unprofitable to review in detail.

It is now well settled that the state statutes relating to usury do not apply to the case of national banks so far as the penalty and the remedy are concerned, and that an action to recover usurious interest paid arises upon the payment, and the special period of limitations contained in the federal statutes begins to run from that time. These principles were clearly expressed in the court's instructions.

Some fourteen rulings on the evidence are complained of The only specific complaint made is that the evidence admitted was immaterial. The proof shows that the transactions between the parties consisted of a large number of loans made by the bank to the plaintiff and evidenced by notes, many of which were from time to time renewed. A complicated account was thus presented, and the rulings complained of relate to the admission of evidence of these transactions, some of which are not among the matters complained of in the petition, and many of which antedate the period of limitations. Recurring to the principle that the statute begins to run from the time of payment, it became necessary to go back to the inception of the debt and to follow it through its different stages in order to disclose the usury. While in this process some evidence was introduced which may have unduly influenced the jury, we think it was pertinent for the purpose indicated, and being material for that purpose was properly admitted as tending to prove the issues.

It is argued that there could be no recovery for usurious interest on notes which have been entirely paid. This

argument is supported by citations of cases arising under the state law, such as *Blain v. Wilson*, 32 Neb., 302. These decisions are based on the fact that the state law does not provide for the recovery of usurious interest already paid; but, as we have seen, the federal law governs this case and does so provide.

Complaint is made of the refusal to give certain instructions. So far as these instructions stated the law correctly they were covered by the court's charge. One of them is as follows: "The jury are instructed that if there still remains of the amounts of money borrowed of defendant a greater amount than has actually been charged plaintiff as usury is still unpaid then the plaintiff cannot recover." This instruction, as contained in the record, is unintelligible to us, and whatever principle of law it was intended to express, it could have no effect on the jury except to confuse it. It was, therefore, properly refused. Another instruction refused was that "National banks are not governed by the usury laws of a state and the only penalties incurred by them in taking excessive interest is that imposed by the national banking act." In so far as this instruction could convey to the jury the information that the remedy open to the plaintiff was only that provided by the banking act, it was covered by specific instructions given by the court stating the essentials to a recovery. It is not true, as a general proposition, that national banks are not governed by the usury laws of the state, because the federal law makes the state laws applicable so far as they regulate the rate of interest which may be lawfully charged. Another instruction refused was that "Payments made upon a note to a national bank and indorsed on the same will be applied first upon the principal until the same is fully paid." Had this instruction been given it would have been misleading. It was an attempt to state a rule announced in *Hall v. First Nat. Bank of Fairfield*, 30 Neb., 99; but as there stated it was as follows: "Where payments are made generally to a national bank on a promissory note which includes un-

lawful interest, they will be applied on the principal." The rule was there stated under a peculiar condition of facts, where sway was given to the presumptions of innocence and legality, and payments of doubtful character were therefore applied to reduce the principal instead of to the discharge of usurious interest. Generally speaking, the rule is directly contrary to that stated in the instruction, and payments will be applied to discharge the interest and the surplus to reduce the principal. This is the established rule of the federal courts, and is recognized in *Hall v. Bank, supra;* and to state as a matter of law that all payments must be applied to the reduction of the principal would nullify the usury law relating to national banks, in all cases at least where the debt as well as the usury has not been fully paid. Another group of instructions refused required as a condition for recovery that the interest should have been paid in cash. The court, in its charge, clearly stated to the jury that there could be no recovery except for payments which had actually been made. It is not essential to constitute payment that legal tender money should be delivered. The fact of payment depends upon the agreement and intent of the parties, and may be accomplished in *media* other than cash, if the parties so agree.

It is strongly urged, and with much force of argument, that the evidence does not sustain a verdict for so large an amount. The transactions were complicated, and the evidence of the plaintiff falls far short of being in all points conclusive; but we think that, under the rule in this state established, there was sufficient to sustain the verdict as rendered.

Affirmed.