BUILDING AND LOAN ASSOCIATION OF DAKOTA v. WILLIAM H. WALKER ET AL.

FILED DECEMBER 19, 1899. No. 9,059.

1. **Contracts: CONSTRUCTION.** It is not the province of courts to make contracts, but to construe and enforce those made by the parties.

2. **Usury: PARTIES: MORTGAGES.** The defense of usury is personal to the borrower and his sureties and privies, and is not available to a purchaser of the equity of redemption of the mortgaged premises.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*William Leese* and *Owsley Wilson*, for plaintiff in error.

*A. R. Talbot, contra.*

NORVAL, J.

This suit was instituted to foreclose a real estate mortgage given by one Parker F. Fugate to the plaintiff to, secure his promissory note for the sum of $3,200 given December 2, 1889, due in three years thereafter and drawing interest at the rate of six per cent on $1,600. William H. Walker and Mary E. Walker purchased the mortgaged premises, and assumed and agreed to pay the indebtedness secured by the mortgage. Fugate was not made a party to the suit, but the Walkers were, who pleaded that the mortgage was given to secure a loan of $1,600, and no more, which it is alleged was the sole amount of money received from plaintiff by Fugate, and that the transaction was usurious. Certain payments were also pleaded. The court found that plaintiff, a Dakota corporation, was entitled to recover the actual amount of money loaned, $1,600, with interest thereon at ten per cent from the date of the mortgage, deducting the actual amounts paid plaintiff by way of principal, interest, premiums or otherwise, with interest thereon at the rate of ten per cent from the dates of such payment, and a decree was rendered in favor of plaintiff for the sum of $390.89. To reverse the same it has prosecuted this proceeding in error.

The amount of the face of the note and mortgage was $3,200, and the rate of interest which the note stipulated should be paid was six per cent, yet the court, by its decree, allowed plaintiff only $1,600, the sum borrowed, and ten per cent interest thereon, less payments made and interest on the same. The defense of usury was not sustained to its fullest extent, else the plaintiff would not have been awarded any interest or costs. The plaintiff was entitled to recover the face of its mortgage with the stipulated rate of interest after deducting payments, or the plea of usury should have been sustained in its entirety. It is not the province of the court to make new contracts for parties. This is elementary.

The defense of usury was not available to the defendants, since they were not parties to the loan, but merely purchased the mortgaged premises and assumed and agreed to pay the debt, which fact did not permit them to assail the contract on the ground that it was tainted with the vice of usury. See *Cheney v. Dunlap*, 27 Nebr., 401; *Morling v. Bronson*, 37 Nebr., 608; *McKnight v. Phelps*, 37 Nebr., 858. The decree is erroneous, and it is accordingly reversed, and the cause remanded, with leave to make the mortgagor a party defendant, and for further proceedings.

REVERSED.