HENRY GUND, APPELLEE, v. ELIAS BALLARD ET AL.,
APPELLANTS.

FILED DECEMBER 18, 1907. No. 15,113.

1. **Appeal:** REMAND WITH DIRECTIONS. Where this court has determined the questions of fact and fixed the liabilities of the parties in a suit, and remanded the case to the district court, with specific directions to that court to enter its judgment in accordance with the findings and judgment of this court, as set out in its opinion, it is then too late to bring in new parties or to raise new or different issues.

2. **Banks:** INSOLVENCY: INDEBTEDNESS OF STOCKHOLDER: INTEREST. Where a stockholder in a bank which is in process of liquidation, who

28

is indebted to the bank, refuses to pay his indebtedness and litigates the question, thereby preventing the distribution of funds on hand, and the litigation is determined adversely to him, he should be charged with interest upon the amount of his indebtedness, as found by the court, down to the time of the entry of judgment, regardless of the fact of the existence of such funds.

3. ———: ———: LIABILITY OF TRUSTEES: INTEREST. Where the managing directors or trustees of a bank in process of liquidation have in their hands funds of the bank, and the distribution of such funds is prevented by litigation or otherwise, and the custom of responsible banks in the community where they reside is to pay interest upon such deposits, and said funds were in fact bearing interest at and prior to the time such trustees obtained the custody of the same, and said trustees withdraw the moneys from such banks and deposit them in a bank in which one of the trustees is a stockholder, without interest, such trustees will be held personally liable for the customary rate of interest paid by responsible banks in such community for deposits of like character.

4. ———: ———: TRUSTEES: COMPENSATION. The mere fact that managing directors or trustees of a bank in process of liquidation have not been active in interposing defenses to an action by one of their number against the bank upon an individual claim will not defeat their right to a reasonable compensation for services rendered and responsibility assumed in closing up and settling the other affairs of said bank.

5. ———: ———: STOCKHOLDERS: ATTORNEYS' FEES. Where certain stockholders of a bank in process of liquidation employ counsel to litigate for them their contention as to the distribution of a fund which is already in existence in the hands of the trustees or managing directors, and subject to distribution to the parties entitled thereto, as their respective rights may be determined by the court, they will not be entitled to recover their attorneys' fees out of such fund.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed in part with directions.*

*Hall, Woods & Pound,* for appellants.

*Tibbets & Anderson, contra.*

*W. G. Hastings, pro se.*

FAWCETT, C.

This case is here for the second time. The opinion on the former hearing was by HOLCOLMB, C. J., and is reported in 73 Neb. 547. The former opinion contains a complete statement of the issues and facts. The main controversy then and now is over a promissory note held by the Blue Valley Bank, signed by the plaintiff, Henry Gund, and intervener, George H. Hayes. Intervener Hayes was not a party to the suit at the time of the former hearing. On the former hearing the court fully and very carefully considered all of the facts in relation to the execution of the note referred to, and fixed the liability of the plaintiff, Gund, thereon as that of a principal debtor. In the opinion the chief justice says: "The plaintiff, when he undertook the payment of the obligation of Hayes Bros. in favor of the bank, at the time of the adjustment of the matters pending between him and the bank on the one part and the firm of Hayes Bros. on the other, and signed the note which the bank held against those parties, became, as we have seen, as between him and the bank, primarily liable thereon. The question presents itself as to the availability to him of the defense of usury in the determination of the amount legally due thereon. He having by this transaction become obligated to pay the debt, there can be no serious controversy, we apprehend, as to his undertaking to satisfy the note, being a new and different contract than the one then existing between the bank and Hayes Bros., and that the usurious character of the contract existing prior to such time in relation to such indebtedness was eliminated from the new contract, and, the old contract being terminated, the new was purged of the taint of usury theretofore existing. *Building & Loan Ass'n of Dakota v. Walker,* 59 Neb. 456; Webb, Usury, sec. 452; *Culver v. Wilbern Bros.,* 48 Ia. 26. * * * We are of the opinion that the law will not permit him, acting in the dual capacity in which he was, and in a sense the agent of his principal, the bank, to enter into a usurious contract with himself

and his principal, and thereby escape all liability for the payment of interest on the principal sum of the indebtedness for which he thus became obligated. It must be accepted, we think, as fundamentally correct that he could not be permitted to profit by his own wrongful action, nor by the action of the bank on the one part and himself on the other, to the prejudice of the stockholders, he holding, as he did, the fiduciary relations then existing between him and the corporation and those it represented. *Sternburg v. Callanan,* 14 Ia. 251; *Oliver v. Lansing & Ingham,* 48 Neb. 338. On the other hand, a court of equity will not enforce a usurious contract prohibited by law. A court of equity, it seems to us, should require him to do equity, and this demands of the plaintiff that, in order to discharge his liability to the bank, he must pay the principal indebtedness, together with the legal rate of interest accruing thereon during the time of the running of the debt. *Eiseman v. Gallagher,* 24 Neb. 79; *Frenzer v. Richards,* 60 Neb. 131." The above reasoning by the chief justice is eminently sound, and has our approval. The cause was remanded to the district court, "with directions to ascertain the amount justly due from the plaintiff, according to the views herein expressed, and to make such further and other orders in the premises as seem to be just and equitable, not inconsistent with this opinion, to the end that all of the rights of all parties to the litigation may be fully and finally adjudicated and determined."

In the opinion the court determined the question that, while the note referred to was tainted with usury, the relations of plaintiff Gund to the bank were such that he could not avail himself of the plea of usury, and thereby escape payment of lawful interest; that, while a court of equity will not enforce a usurious contract by compelling the payment of usury, it will require a party occupying the fiduciary relation to the payee which was occupied by plaintiff in this case to do equity by paying lawful interest; and that as plaintiff had full knowledge of the items which went to make up the consideration for the note

which he signed with Hayes, and had received from Hayes Bros. a large amount of property in consideration of his assuming the indebtedness represented by said note, according to its terms, the court would not go behind the execution of the note and inquire whether it contained any usury or not, but would take the note as fixing the amount of plaintiff's liability on that date, and would only consider the question of usury subsequently thereto. This left nothing for the district court to do when the case was remanded but to state the account between the plaintiff and defendant bank subsequent to the date of the note. This the district court has done, and so far as the court has correctly carried out its figures it has followed the directions of this court.

After the case was remanded, through the efforts of plaintiff's attorneys, Hayes was induced to intervene in the case, and an attempt was made by plaintiff to try again the question of usury which had been disposed of by the former decision of this court. We do not think that Hayes was a necessary or even proper party after the case had been remanded. His going into the case at that time could not in any manner affect the issues which had already been determined. If plaintiff desired him to be a party in the case, he should have made him a party in the first instance. He could not wait until after the issues had been fully determined by this court, and then, after the case was remanded with specific directions, bring him into the case for the purpose of trying again issues which had already been finally adjudicated, and which it is clear would have been adjudicated in precisely the same manner they were, even if Hayes had been a party on the first hearing. The fact that the district court permitted Hayes to intervene is immaterial, however, for the reason that his intervention was not permitted in any manner to influence the court in its findings and judgment.

An examination of paragraph 4 of the decree entered by the court shows a clerical error of $1,000. In that paragraph the court makes specific findings of the amount

due under the note, showing the amount due with interest at 7 per cent. to December 31, 1901, but in making the footing the total is stated as $5,335.50 when it should be $6,335.50. This error affecting a number of the other findings, as shown in several of the subsequent paragraphs of the court's decree, necessitates a recasting of the decree. The court charges plaintiff with interest to December 31, 1901, instead of to the date of the decree, and complaint is made of that fact by appellants, Lane and Sands, who contend that plaintiff should pay interest to the latter date. We think this contention should be sustained. The fact that the money was in the hands of the managing directors during all of the time subsequent to December 31, 1901, is not sufficient to relieve plaintiff from his liability to pay interest upon his indebtedness, for the reason that, while the money was in the hands of the managing directors, it was not available for the payment of plaintiff's note, but by the proceedings being prosecuted by plaintiff was withheld from distribution, thereby damaging the stockholders to the extent of the lawful interest thereon. We hold, therefore, that in the new decree the court should compute interest upon the net amount due from plaintiff to the bank on December 31, 1901, from that date to the date of the decree.

Complaint is made by plaintiff and cross-appellant, Hastings, that the court erred in paragraph 11 of its decree in charging them with interest at the rate of 2 per cent. per annum for not depositing the funds in bank at interest pending the litigation and after a supersedeas bond had been filed. We think the court was right. It appears from the evidence that the money had been on deposit in three banks, one of which was paying 3 per cent., and each of the others 2 per cent., but that plaintiff and cross-appellant, Hastings, after they obtained the custody of the funds, placed them in a bank of which plaintiff was a stockholder, without interest. We think the district court was fully warranted in holding that they were "negligent" in that particular. The bank had been paying

that rate of interest upon the money prior thereto, and a
supersedeas bond had been filed, which would necessarily
prevent a distribution of the money for a considerable
period of time.  We think it was clearly their duty to at
least have used reasonable diligence to have deposited
the funds in some responsible bank where they would have
drawn the rate of interest customary on such deposits.
The evidence does not disclose that they ever made any
such attempt, but, on the contrary, they deposited the
money in a bank in which plaintiff was personally inter-
ested, and without interest.

Complaint is made by appellants, Lane and Sands, of
paragraph 10 of the court's decree, in which it allowed
the trustees, Hastings and Gund, $500 and $250, respect-
ively, for services in connection with the liquidation of
the bank, the contention being made that they had not
acted in good faith in relation to the attempt of plaintiff
to escape payment of a large portion of the note in con-
troversy.   From the amount allowed by the court it is
evident that no compensation was allowed to either of
these trustees for any service performed or money ex-
pended on account of this litigation.   While we perfectly
agree with the contention of counsel for appellants, Lane
and Sands, that the directors would not be entitled to
any compensation of that character, we are not prepared
to hold that the trustees would have to perform the large
amount of work and bear the responsibility of closing up
the affairs of the bank without just compensation therefor.
No question is made that the amount allowed by the court
is unreasonable, and its findings in that particular should
be affirmed.

Complaint is also made by appellants, Lane and Sands,
that the court erred in paragraph 14 of its decree in
refusing to make them an allowance for attorneys' fees
in this cause.   At the oral argument we were inclined to
think that in this the court had erred; but upon more
mature deliberation and a careful examination of the
record we have reached a different conclusion.   The ap-

pearance of the attorneys for appellants, Lane and Sands, was for them only. They did not appear for them and all of the other stockholders, or for them and all stockholders similarly situated. What they did was to appear for those two parties alone and litigate their contention as to the distribution of a fund, which was already in existence, in the hands of the trustees and subject to distribution to the parties entitled thereto as their respective rights might be determined by the court. This was not sufficient to entitle appellants, Lane and Sands, to a payment of their attorneys' fees out of the general fund.

We therefore recommend that the cause be remanded to the district court, with directions to correct paragraph 4 of its findings by changing the total footing from $5,335.-50 to $6,335.50, and to correct the other findings in accordance therewith, and to compute interest upon the net amount found due from plaintiff, Henry Gund, on December 31, 1901, to the date of the decree which it shall enter, at the rate of 7 per cent. per annum, and enter its decree therefor, and that in all other respects the decree of the district court be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the cause is remanded to the district court, with directions to correct paragraph 4 of its findings by changing the total footing from $5,335.50 to $6,335.50, and to correct the other findings in accordance therewith, and to compute interest upon the net amount found due from plaintiff, Henry Gund, on December 31, 1901, to the date of the decree which it shall enter, at the rate of 7 per cent. per annum, and enter its decree therefor. In all other respects the decree of the district court is affirmed.

JUDGMENT ACCORDINGLY.