FRED WALLER, SR., ET AL., APPELLANTS, V. FIRST TRUST COMPANY, APPELLEE.

FILED MARCH 16, 1934. No. 28975.

*Sterling F. Mutz* and *Edward C. Fisher,* for appellants.

*Stewart, Stewart & Whitworth, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and MEYER, District Judge.

DAY, J.

This is a suit brought by Fred Waller, Sr., and Fred Waller, Jr., hereinafter called "Waller Signs," for an accounting on a series of loans made to them by the Lincoln Safe Deposit Company to determine the amount due to obtain credit for claimed usurious charges and commissions exacted by the lender. Upon a trial the court found in favor of defendant, First Trust Company, and dismissed the suit.

In May, 1927, Waller Signs required large sums of money for the prosecution of their business. They sought to negotiate a loan of $50,000 with the Lincoln Trust Company and the Lincoln Safe Deposit Company. This loan was made, and bonds were issued and sold to a large number of investors. The method adopted was to make the Lincoln Safe Deposit Company trustee for the bondholders and, as such, Waller Signs executed an agreement and assignment of a signboard contract with the Skelly Oil Company under which payments made by Skelly Oil Company were assigned to the trustee for the purpose of paying these bonds. As additional security for the bonds, Waller Signs also executed to the trustee a chattel mortgage on the signboards. Six months later, while there was due on these bonds $35,000, an additional sum of $32,500 was advanced. Again, in February, 1929, with bonds outstanding in the amount of $38,500, the loan was increased to $107,500, and in November, 1929, certain of these bonds were extended. In February, 1930, an additional $65,000 was added, making total bonds $162,500, and again in October, 1931, with $92,500 outstanding, $2,500 was added, making total $95,000. In each instance, the loans were split into bonds of various denominations and sold generally to the public.

At each advancement of additional sums and also at the

time some of the bonds were extended, the Lincoln Safe Deposit Company or the Lincoln Trust Company, or both, received substantial commissions. The Lincoln Trust Company and the Lincoln Safe Deposit Company were in very close relationship, and the loan papers were executed to the latter, and the former assumed to act as agent in selling the bonds and collecting the commission. On July 6, 1932, both companies were adjudged bankrupt, and on July 21, 1932, the defendant, First Trust Company, was appointed successor trustee. The successor trustee continued to receive payments on the contract of the Skelly Oil Company and pay the Waller Signs bonds until plaintiffs commenced this suit. Since that time, they have received more than $60,000 from the Skelly Oil Company, sufficient to pay all the outstanding bonds.

The plaintiffs base their cause of action largely upon the allegation that the loan was usurious. They complain that the trial court excluded material evidence relating to all previous loans offered to establish that the loans were usurious. The commissions charged upon the various loans, added to the contract rate of interest, rendered the loan usurious. Dealing, as we must, with the outstanding bonds, amounting to a small portion of all the bonds issued, we have this situation: The First Trust Company is the trustee of these bondholders and, as such, has received payments of these bonds from the Skelly Oil Company under its contract with Waller Signs, assigned to the trustee and to its successor trustee by the plaintiffs herein. The plaintiffs in the assignment of this contract with Skelly Oil Company directed it to pay the money due thereunder to the trustee for the bondholders. When Skelly Oil Company made the payments, as directed, to the trustee for the bondholders, it was the equivalent of Waller Signs paying the bonds. Conceding, therefore, that the evidence establishes usury in this transaction, which of course it does not, Waller Signs has paid the bonds affected by usury. True, the bondholders have not

received the money, but their trustee has, and they are entitled to the same and would have it except for this suit. The plaintiffs seek to impound this money in the hands of the trustee due to a few bondholders and take their money to recoup themselves for many thousands of dollars of alleged usurious charges. They evidently are unmindful of the fact that usury is a defense and not the basis of an affirmative action. Comp. St. 1929, sec. 45-105. The law of this jurisdiction is that, where a note has been paid, an action cannot be maintained to recover usurious interest. *Blain v. Willson,* 32 Neb. 302; *First Nat. Bank v. Barnett,* 51 Neb. 397; *New England Mortgage Security Co. v. Aughe,* 12 Neb. 504. If the amounts paid by Skelly Oil Company on the Waller Signs bonds under the contract were insufficient to pay the bonds and it were necessary to proceed against Waller Signs, usury, if any, would be an available defense. But that is not this case.

Since this court takes the view of the case heretofore expressed, other matters argued in the briefs, such as negotiability and ownership of the bonds and the amount of the charge for the money, are not necessary to a decision. Appellants also contend there is a matter of a credit of $2,074 which was paid to the former trustee. If this is a fact, it is a matter for adjustment in the bankruptcy proceedings in the federal court. This court has no jurisdiction over the affairs of that company. The same is applicable to its alleged ownership of some of the bonds involved herein.

The judgment of the trial court in dismissing the case was a proper judgment.

AFFIRMED.