FIRST TRUST COMPANY OF LINCOLN, TRUSTEE, APPELLANT, v. FRED WALLER, SR., ET AL., APPELLEES.

271 N. W. 681

FILED FEBRUARY 26, 1937. NO. 29800.

*Stewart, Stewart & Whitworth* and *Charles B. Paine,* for appellant.

*Sterling F. Mutz* and *Edward C. Fisher, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ.

ROSE, J.

This is an action by the First Trust Company of Lincoln, plaintiff, trustee for bondholders, to charge defendants, Fred Waller, Sr. and Fred Waller, Jr., partners as Waller Signs, makers of the bonds, with interest after payment in the hands of the trustee equaled the principal debt and interest, on the alleged ground that defendants wrongfully prevented the trustee from making prompt distribution of such payments to bondholders entitled thereto.

The petition and an amended petition in the form of two causes of action were assailed by demurrers which were sustained. The action was dismissed. Plaintiff appealed.

The Lincoln Safe Deposit Company, October 1, 1931, lent defendants $95,000, evidenced by 174 negotiable bonds aggregating that sum, bearing interest at the rate of 6 per cent. per annum until due and 10 per cent. thereafter. To secure the bonds defendants assigned to the Lincoln Safe Deposit Company, payee, contracts obligating the Skelly Oil Company to make thereon monthly payments far exceeding the bonded indebtedness. The bonds were all sold to

more than 50 purchasers. Each bond contained the following provisions:

"It is further agreed that all payments to be made on this bond, whether principal or interest, shall be made to said Lincoln Safe Deposit Company, for the benefit of the holder thereof. * * * If any default occurs in this bond or in any of said bonds or in the contracts herein assigned or the agreement respecting same, then the Lincoln Safe Deposit Company may as trustee for the holder of all of said bonds without notice to, or hindrance from any one, declare this bond and all said bonds, matured, due and payable."

July 9, 1932, the Lincoln Safe Deposit Company, trustee for the bondholders, was adjudged a bankrupt and plaintiff was appointed successor-trustee July 21, 1932.

Plaintiff alleged that "On December 1, 1932, the First Trust Company of Lincoln, Nebraska, received from the Skelly Oil Company the sum of $10,704.07 as a payment due under said contracts;" that, referring to unpaid bonds, "The principal of all of the aforesaid bonds has been paid and the principal of all interest coupons thereon has been paid;" that "said Trust Company received from the Skelly Oil Company the amount of the principal of all of the aforesaid bonds and the amount of the principal of all of the aforesaid coupons at their respective maturities but defendants have failed and refused to pay the interest on the principal of said bonds and the interest on the principal of said interest coupons from the date said amounts were received from the Skelly Oil Company until July 1, 1934, which was the date on which payment could be made by plaintiff to the bondholders, as aforesaid."

It is further alleged in the petition that, after plaintiff received the remainder of the principal and interest on the unpaid bonds, when due, defendants wrongfully prevented prompt distribution to bondholders and thus became liable to them for interest during the delay. The alleged actionable wrongs are that defendants made unfounded claims to the trust funds in the hands of plaintiff, successor-trustee;

that they gave notice that distribution to the bondholders would be at the peril of plaintiff; that they sued plaintiff herein to account for exacted usury in the loan. In the former action for usury it was held in effect that payment by the Skelly Oil Company to plaintiff, successor-trustee, was equivalent to payment of the bonds and that usury, if any, could not be recovered back. A dismissal of that case was affirmed on appeal. *Waller v. First Trust Co.*, 126 Neb. 403, 255 N. W. 29. Plaintiff's understanding of the present case is indicated by the following statements in the brief:

"Plaintiff prayed that it recover judgment against the defendants on its first cause of action in the sum of $5,827.38 with interest thereon at the rate of 10 per cent. per annum from July 1, 1934, and that in the event it be determined by the court that plaintiff was not entitled to recover judgment against the defendants on its first cause of action, then plaintiff prayed that it recover judgment against defendants and each of them on its second cause of action in the sum of $3,005.81 with interest thereon at the rate of 6 per cent. per annum from July 1, 1934. * * *

"The only difference in the two causes is in the rate of interest asked for as damages. This difference is based upon the fact that the contract calls for interest until payment at the rate of 10 per cent., while on the other hand, if the recovery is in tort, it is established that the measure of damages should be interest (6%) on the sum of money, the use of which has been wrongfully interfered with."

It is clear on the face of the petition as a whole, including the bonds, the interest coupons, and the collateral security, that two causes of action were not stated. The substance of the plea is the same in both instances—a tort causing wrongful delay of the trustee in distributing the trust fund to the bondholders, the beneficiaries of the trust. What is pleaded as a cause of action in equity for an accounting for interest is wholly inadequate for that purpose. The petition shows on its face there were no complicated accounts involved or other facts calling for relief in equity. The items, dates and rates were all definitely stated with-

out complications and would require only simple calculations familiar to any competent jury. *Merritt v. Johnston,* 109 Neb. 859, 192 N. W. 734. Considered from an equitable standpoint, that part of the petition relating to the first cause of action was demurrable and the district court properly transferred the entire cause to the law docket.

Does the petition as a whole state facts sufficient to constitute a cause of action in tort in favor of plaintiff as successor-trustee for the bondholders? The trustee named in the bonds was the Lincoln Safe Deposit Company. Its powers and duties as such came from each of the bonds which bound the makers, the trustee and the bondholders. Each bond provided:

"All payments to be made on this bond, whether principal or interest, shall be made to said Lincoln Safe Deposit Company for the benefit of the holder thereof."

"Both said principal and interest are payable at the office of the Lincoln Safe Deposit Company in Lincoln."

"If any default occurs in this bond or in any of said bonds or in the contracts herein assigned or the agreement respecting same, then the Lincoln Safe Deposit Company may as trustee for the holder of all of said bonds without notice to, or hindrance from any one, declare this bond and all said bonds, matured, due and payable."

It thus appears that the trustee named had power to receive payment for the bondholders and to declare the entire debt payable in the event of a default. These are the enumerated powers and duties to which plaintiff succeeded. The trusteeship under the terms of the bonds related to receiving payment and to accelerating maturity in event of a default. Power to act as trustee for the bondholders in an independent action to recover damages for a tort after payment of principal and interest when due was not enumerated or implied. There was no occasion to declare the entire debt due. There was no default. The petition shows that payments were made as they fell due. Plaintiff as trustee received the entire unpaid debt and interest.

In receiving payment for debt and interest in absence

of default or fraud, plaintiff acted with authority for the bondholders, and payment to their trustee under the circumstances was equivalent to payment of the bonds. *Waller v. First Trust Co.*, 126 Neb. 403, 255 N. W. 29. Payment in full extinguished the trust created by the bonds and left the trustee without authority to maintain the independent action for damages resulting from the alleged tort. There is no sufficient showing of such authority. In these views of the petition the demurrers of defendants were properly sustained.

AFFIRMED.