MART FENDER, APPELLEE, v. FRED WALLER, SR., ET AL., APPELLANTS.

298 N. W. 349

FILED MAY 23, 1941. No. 31048.

*Max G. Towle* and *Sterling F. Mutz,* for appellants.

*Stewart, Stewart & Whitworth* and *Charles B. Paine, contra.*

Heard before CARTER, MESSMORE and YEAGER, JJ., and KROGER and TEWELL, District Judges.

MESSMORE, J.

This is an action by a bondholder, assignee of other bondholders, brought for the purpose of recovering damages due to and resulting from alleged tortious acts and conduct of defendants in preventing distribution of moneys, in the hands of the successor-trustee, to be made by such trustee to the bondholders. The cause was tried to a jury, and at the conclusion of the case both parties moved for a directed verdict. The court entered judgment in favor of the plaintiff. Motion for a new trial was overruled. Defendants appeal.

The history of the proceedings leading up to the present action, briefly stated, is as follows: In May, 1927, the defendants required money for the prosecution of their business. They negotiated a loan with the Lincoln Safe Deposit Company and the Lincoln Trust Company, wherein the former executed the papers therefor and issued bonds, and the latter acted as agent in selling the bonds to investors and collecting commissions. July 6, 1932, both corporations were adjudged bankrupt. July 21, 1932, the First Trust Company of Lincoln was appointed successor-trustee. To pay this loan, defendants executed an agreement and assignment they had with the Skelly Oil Company, whereby the Skelly Oil Company was to pay the amounts, owing by it to the defendants under the contract, to the successor-trustee in payment of defendants' obligation. A brief review of previous litigation had between the defendants in this action and the successor-trustee is of assistance in determining the issues in the instant case.

In the case of *Waller v. First Trust Co.*, 126 Neb. 403, 255 N. W. 29, the defendants in the instant case were plaintiffs, and the successor-trustee was the defendant. The action was for an accounting. Plaintiffs contended that the commission charged upon the various loans, added to the interest charged under the contract, caused the loans to be usurious. The record disclosed the indebtedness of the plaintiffs had been paid. The court held: "Where a note has been paid, an action cannot be maintained to recover usurious interest."

The case of *First Trust Co. v. Waller*, 132 Neb. 239, 271 N. W. 681, wherein the successor-trustee in the instant case was plaintiff and the defendants in the instant case were defendants, was an action for damages caused by the wrongful acts of the defendants in preventing distribution of the funds in the hands of the successor-trustee to the bondholders, thereby causing the bondholders to lose interest on the investment. Paragraph 3 of the syllabus is in full explanation of the action and reads:

"Where a trustee for bondholders extinguished the trust by receiving for them payments on the bonds and the interest in full, when due, in strict compliance with definite terms of the bonds, without default or fraud on the part of any one, the trustee afterward cannot maintain an action to recover additional interest, on the ground that the makers of the bonds delayed him in distributing the payments to the bondholders, without showing they authorized the litigation."

The plaintiff in the instant case obviously seized upon the language contained in the above paragraph, viz., "without showing they (the bondholders) authorized the litigation." Therefore, in the instant case we have this suit in behalf of certain bondholders who predicate their cause of action on the same alleged wrongful acts and conduct of the defendants as appeared in *First Trust Co. v. Waller, supra*.

We turn our attention to the tortious acts and conduct of the defendants, as charged, in.preventing the successor-trustee from distributing the funds to the bondholders.

Exhibit 63, contained in the bill of exceptions at page 175, is self-explanatory and is as follows:

"September 22, 1933.

"First Trust Company, Successor-Trustee,

"First National Bank Bldg., Lincoln, Nebraska.

"Gentlemen:

"We, Fred Waller, Sr., and Fred Waller, Jr., doing business as partners under the firm name of Waller Signs, herewith hand you check of Skelly Oil Company in the

amount of $13,500, representing the last payment on our loan #9413 due October 10, 1933, and we also hand you our check for $405 representing interest on said loan due October 10, 1933. These payments, the same as on prior payments made by us on this loan since December 2, 1932, are made expressly subject to the terms of the notice served upon you on that day to the effect that this money is paid under protest and subject to the final determination of our accounting suit now pending against your company; our notice of December 2, 1932, being hereby restated and continued in force.

"We now having paid to you, under protest and subject to accounting as aforesaid, the entire amount called for under the chattel mortgage dated September 30, 1931, and under the assignments of contracts held by you, we hereby demand that you release this mortgage and assignments within ten days from this date.

"Very truly yours,
"(Signed) Waller Signs
"By Fred Waller, Jr.

"Received the foregoing letter and checks mentioned therein this 22d day of September 1933.

"(Signed) Successor-Trustee."

Exhibit B, attached to plaintiffs' petition in *Waller v. First Trust Co., supra,* notifies defendant of the commencement of the action to enjoin the defendant from using any portion of the moneys paid to it for the purpose of liquidating the bonds, claiming that the agreement to pay the bonds is usurious, and that plaintiffs are entitled to certain credits for interest, service and commission charges, and a notification that the defendant will be held responsible for any moneys disbursed to bondholders in connection with the transaction.

In the case of *Chapman v. Wagner,* 1 Neb. (Unof.) 492, 96 N. W. 412, the court said (p. 496) : "The authorities are agreed that where the maker of a note made payable at a particular place has the funds at such place ready to discharge the note at its maturity, he cannot be made re-

sponsible for any future damages either as costs of suit or interest for delay." The trust agreement in the instant case provided that the principal and interest shall be payable at the office of the Lincoln Safe Deposit Company. The successor-trustee having taken over the trust, the amount of the principal and interest would be payable at the office of the successor-trustee. This court in *Waller v. First Trust Co., supra,* and in *First Trust Co. v. Waller, supra,* decided that the full amount of defendants' obligations had been paid by the Skelly Oil Company to the successor-trustee for the benefit of the bondholders.

The plaintiff distinguishes *Chapman v. Wagner, supra,* from the instant case, in that the payer in the former case was not only ready to pay at the time and place appointed, but actually deposited the money and requested the payee to accept it; while in the instant case the payers (defendants) demanded that the trust company should receive the money and not pay it out to the bondholders.

The general rule is stated in *Stewart v. Barnes,* 153 U. S. 456, 14 S. Ct. 849, which was an action to recover interest where the principal had been paid. The United States supreme court said (p. 462) : "The right of action is the right to compel the payment of the money which is being retained. When he who has this right commences an action for its enforcement, he at the same time acquires a subordinate right, incident to the relief which he may obtain, to demand and receive interest. If, however, the principal sum has been paid, so that, as to it, an action brought cannot be maintained, the opportunity to acquire a right to damages is lost."

And in the case of *Moore v. Fuller,* 47 N. Car. 205, it was said that, "Where the principal subject of a claim is extinguished by the act of the plaintiff, *or of the parties,* all its incidents go with it." (Italics ours.) The legal definition of the word "incident" is: "Something appertaining to, passing with, or depending on, another, called the principal." Webster's New International Dictionary.

The distinction between the case of *Stewart v. Barnes,*

*supra,* and the instant case, as contended by the plaintiff, is: In the former case, a liquor dealer sued the commissioner of internal revenue to recover a tax illegally collected and also interest from the time it was paid to the government. The amount of the tax had been repaid by the government to the plaintiff, pursuant to an act of congress, which did not provide for interest. The plaintiff accepted the principal amount in satisfaction of the claim. The plaintiff contends that the rule as announced therein is not applicable to the instant case because the amount received by the trust company was not paid by the defendants to the bondholders, but was paid by the Skelly Oil Company to the trustee; that the trustee did not accept the payment in satisfaction of the liability of defendants, but merely accepted the money received as collateral security.

The plaintiff contends that the case of *Gund v. Ballard,* 80 Neb. 385, 114 N. W. 420, in fact and in law, is analogous to the facts and law that should be applied in the instant case. The *Gund* case involved a voluntary liquidation of a banking institution, of which Gund was an officer and director. An agreement was entered into by the stockholders to declare a dividend, no money to be paid to a shareholder until his indebtedness to the bank was paid. Gund was indebted to the bank and had sufficient money in the bank to pay his indebtedness. He denied the indebtedness, claiming it was usurious. Gund was held liable on the note. He then contended that he should not be required to pay interest on such obligation after the date of the declaration of dividends, because the directors of the bank had, at that time, sufficient money of his to pay the interest. This court held that Gund be required to pay the interest, on the theory that, while the money was in the hands of the managing directors, it was not available for the payment of the note, but, by virtue of the proceedings being prosecuted by Gund, the fund was withheld from distribution, thus damaging the stockholders to the extent of the lawful interest thereon.

The distinction between the case of *Gund v. Ballard,*

*supra,* and the case at bar is that in the former Gund made no payment on his note; nor did he authorize the directors of the bank, in which the money was deposited, to apply any part thereof on his obligation. In the instant case, the obligation of the defendants was paid in full by the Skelly Oil Company to the successor-trustee, who had the money for distribution to the bondholders, only failing to make distribution because of the note and letter appearing in the record. The defendants would have no way of knowing what the trust company was doing with the money. This was exclusively a subject for consideration by the trustee and the bondholders.

The evidence is insufficient to create a liability against the defendants in preventing the successor-trustee from making distribution of the funds to the beneficiaries of the trust. The terms of the trust agreement are specific as to where the payments were to be made. The logical deduction is: The successor-trustee gave too much credence to the letter and notice and too little credence to the concept of the trust. The assignment of the Skelly Oil Company contract made it possible for the successor-trustee, over whom the defendants had no control, to collect the Skelly checks each month and distribute all future payments to the bondholders. In any event, the only recovery that could have been had by defendants would have been for the usurious interest. No part of the principal was involved. Comp. St. 1929, sec. 45-105.

The defendants brought the action of *Waller v. First Trust Co., supra,* in good faith, believing that they had a *bona fide* case. Obviously, at the time of bringing the action the defendants' full obligation had not been paid. By the time the case was determined by the supreme court, the obligation had been paid.

Litigants are entitled to access to the courts of the land when they have probable cause and reasonable basis for believing an injury has been done to their lands, goods, person or reputation. See section 13, art. I of the Constitution. When defendants brought the action (*Waller v.*

*First Trust Co., supra*), they had probable cause and reasonable basis for obtaining the accounting and attempting to recover usurious interest which had not yet been paid, but which had been assigned to the trustee, although not yet collected.

The cases of *Chapman v. Wagner, supra,* and *Moore v. Fuller, supra,* announce the legal effect of the payment of an obligation to parties designated to receive payment; that is, if the principal of an obligation has been paid and accepted, full adjudication of the obligation has been had, and interest which is incident thereto may not be collected. Applying this rule to the instant case, when the amounts of defendants' obligation, including interest, were paid by the Skelly Oil Company to the successor-trustee, pursuant to the trust agreement, the defendants' obligation and all of its incidents were extinguished. All that remained was a duty on the part of the trustee to make distribution to the bondholders. The letter in evidence and the notice attached to the petition do not contain sufficient legal significance to warrant the successor-trustee in retaining possession of the money and not making distribution.

We fail to find a legal excuse to protect the trustee for failure to carry out the provisions of the trust and for failure to comprehend its duty in such respect, especially so in the absence of any other legal restraint than that shown by the record.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.