**BEATRICE PRODUCTION CREDIT AS-
SOCIATION, a corporation,
Plaintiff,**

v.

**George F. VIESELMEYER, Defendant.**

**No. CV71–L–361.**

United States District Court,
D. Nebraska.

March 30, 1973.

Richard A. Knudsen and Arnold Wullschleger, Beatrice, Neb., for plaintiff.

Ted L. Schafer, Lincoln, Neb., and W. O. Baldwin, Hebron, Neb., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

∪RBOM, Chief Judge.

This matter is before the court on the plaintiff's motion for summary judgment, filing No. 23. The motion is directed at the defense of usury, as alleged in paragraph numbered 4 of the defendant's answer. The defense asserts that the rate of interest charged on the loan was 9¼ per cent, in violation of the 9 per cent limitation imposed by § 45–102, R.R.S.Neb. (1943). The basis of the summary judgment motion is that the Production Credit Association, as a federal lending institution, is not subject to the usury laws of Nebraska.

On December 15, 1967, 12 U.S.C. § 1131g was amended by P.L. 90–204 to remove the 6 per cent limitation on interest charged for loans under the Act and provide that federal land banks charge "such rate of interest as the board of directors of the bank shall from time to time determine with the approval of the Farm Credit Administration." The legislative history of the amendments indicates that their purpose was to provide for the charging of rates of interest which would reflect the higher cost of money from intermediary banks. Fear was expressed that production credit associations would have to discontinue lending if they could not charge interest at rates higher than 6 per cent. See, 1967 U.S.Code Congressional and Administrative News, pp. 2243 to 2251.

The plaintiff's motion is accompanied by affidavits of E. J. Noonan and Fred R. Bischoff to the effect that copies of minutes appended to the affidavits are true and correct transcriptions of events taken near the time of the events indicated in the minutes. The minutes indicate that at a meeting of the Board of Directors held on February 16, 1970, the

decision was made to increase interest rates of 8.75 per cent to 9.25 per cent, effective February 17, 1970. The increase was authorized by resolution of the directors of the Federal Intermediate Credit Bank of Omaha which empowered the president of that bank to prescribe interest rates up to 10 per cent for production credit associations in the district.

The loan to the defendant was made on June 12, 1970, and interest was charged at the 9.25 per cent rate. The only question presented is whether the Beatrice Production Credit Association, as a federally chartered lending institution, is bound by the usury laws of the State of Nebraska.

■ As a general rule, there is no question that, when Congress legislates in an area in which it has constitutional authority, the laws of the states in the same field, to the extent that they are inconsistent with the federal law, must yield. International Union of United Automobile Workers v. O'Brien, 339 U. S. 454, 70 S.Ct. 781, 94 L.Ed. 978 (1950); Hanson v. Union Pacific R. R. Co., 160 Neb. 669, 71 N.W.2d 526 (1955). The Supreme Court of Nebraska has recognized that state interest limitations are only partly applicable to national banks. In First National Bank of Tobias v. Barnett, 51 Neb. 397, 70 N.W. 937 (1897), the court said:

> "It is now well settled that the state statutes relating to usury do not apply to the case of national banks so far as the penalty and the remedy are concerned . . . ." 51 Neb. at 398, 70 N.W. at 937

In that case the court further stated that:

> "It is not true, as a general proposition, that national banks are not governed by the usury laws of the state, *because the federal law makes the state laws applicable* so far as they regulate the rate of interest which may be lawfully charged. (Emphasis added) 51 Neb. at 399, 70 N.W.at 938

■ Thus, although national banks are by specific congressional direction made subject to the usury laws of the state wherein the banks do business, the penalty for charging a usurious rate of interest is not governed by state law. See, 12 U.S.C. § 86; Schuyler National Bank v. Gadsden, 191 U.S. 451, 24 S.Ct. 129, 48 L.Ed. 258 (1903).

■ The Production Credit Association is not engaged in general banking, but is an organization under the Farm Credit Association which is designed to serve a particular, limited purpose. Prior to the 1967 amendment to 12 U.S. C. § 1131g, an interest limitation of 6 per cent was imposed on all loans from all Production Credit Associations without reference to the state limitations in the state in which the association existed. Congress did not consider state interest limitations when imposing the 6 per cent limitation; there is nothing in the congressional history of the 1967 amendment to suggest that state limitations were considered when the 6 per cent ceiling was removed. I am persuaded that Congress did not intend state interest limitations to control interest rates charged by Production Credit Associations. It would have been a simple matter for Congress to enact a provision similar to 12 U.S.C. § 85 at the time of the 1967 amendment to § 1131g. Its failure to do so suggests that interest rates were to be determined in the manner set forth in the amendments without reference to state interest limitations. Accordingly, summary judgment should be entered in favor of the plaintiff as to the defense of usury as alleged in paragraph numbered 4 of the defendant's answer.

It hereby is ordered that the plaintiff's motion for summary judgment, filing No. 23, is granted and the defense of usury is inapplicable to this action.